Mr. Orson Berry, Director Arkansas Health Services Agency 4815 West Markham Street Little Rock, AR 72205-3867
Dear Mr. Berry:
This is in response to your request for an opinion on whether a hospital adding home health services is subject to "permit of approval" review under the recent amendments to A.C.A. 20-8-101, et seq.
For the reasons that follow, it is my opinion that such a hospital is not required to obtain a permit before adding home health care services.
Act 422 of 1989, which became effective on March 8, 1989, amends sections 101, 103, and 106 of A.C.A. 20-8-101, et seq. (Supp. 1987). That subchapter creates a Health Services Commission, and a Health Services Agency. It also establishes limits on the establishment of new home health agencies and nursing homes, and requires permits for the establishment of new hospital beds or for the adding of home health services. See A.C.A. 20-8-107 (Supp. 1987). That subsection provides in pertinent part:
 (a) Unless otherwise provided herein, ALL HEALTH FACILITIES, AS DEFINED BY THIS SUBCHAPTER, SEEKING TO ADD NEW BEDS OR HOME HEALTH SERVICES OR EXPAND EXISTING BED CAPACITY OR HOME HEALTH SERVICES SHALL APPLY FOR A PERMIT APPROVING ADDITIONAL BEDS OR SERVICES or expanded bed capacity or services pursuant to procedures and criteria as promulgated by the Health Services Commission. (Emphasis added.)
"Health facilities" was formerly defined as including hospitals. See former A.C.A. 20-8-101(6)(B) (Supp. 1987). A new definition has been given the term "health facilities" in Act 422 of 1989. That term is now defined as follows:
 (6) `Health facility' or `health facilities' means `long-term care facility' as defined by Ark. Code Ann. Section 20-10-101(7), the Long Term Care Facilities and Services Act, or a `home health care services agency' as defined by Ark. Code Ann. Section 20-10-801, the Home Health Care Services act. The terms `health facility' or `health facilities' SHALL NOT MEAN, AND NOTHING IN THIS ACT SHALL BE DEEMED TO REQUIRE A PERMIT OF APPROVAL FOR OR OTHERWISE REGULATE THE LICENSURE OF IN ANY MANNER, A `HOSPITAL', as defined by and licensed pursuant to Ark. Code Ann. Section 20-9-201(3) the Hospital and Health Facilities Licensure Act, except when a hospital seeks to add long-term care beds or convert acute beds to long-term care beds, offices of private physicians and surgeons, outpatient surgery or imaging centers, post acute head injury retraining and residential care facilities or establishments operated by the federal government or any agency thereof, or free-standing radiation therapy centers, or any facility which is conducted by and for those who rely exclusively upon treatment by prayer alone for healing in accordance with the tenets or practices of any recognized religious denomination. (Emphasis added.)
It is now clear that the definition of "health facility" does not include a hospital except in the instances specifically enumerated in the act. With this new definition in mind, it becomes apparent that the requirement under A.C.A. 20-8-107 that "health facilities" obtain a permit before adding home health services does not apply to hospitals.
This conclusion is buttressed by language found in the emergency clause of Act 422 of 1989 which provides in pertinent part as follows:
 It is hereby found and determined by the General Assembly that there is an immediate and urgent need to effect revisions in the health planning system of the State; that the federal government has repealed the Federal Health Planning Law; that fourteen states have also repealed their state health planning laws; that the current state law unduly restricts the development of hospital services in the State of Arkansas; that health planning for hospital services has a detrimental impact on the public health, welfare and safety; that health planning has not been shown to be an effective means of controlling hospital costs; THAT IT IS IN THE BEST INTERESTS OF THE PEOPLE OF THIS STATE THAT PROVIDERS HAVE THE FREEDOM TO DEVELOP ADDITIONAL HOSPITAL SERVICES AND BEDS WITHOUT NECESSARY (sic) OF PERMIT OF APPROVAL REVIEW, so that access to quality health care services can be enhanced. (Emphasis added.)
I believe that the legislative intent, as expressed in the language above, is that hospitals not be required to obtain permits to add home health care services.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.